# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3406

_____

Richard Cox,                   *
                            *
           Appellant,       *
                            *     Appeal from the United States
      v.                       *     District Court for the Eastern
                            *     District of Arkansas.
Larry Norris, Director, Arkansas     *
Department of Correction,       *       [UNPUBLISHED]
                            *
           Appellee.        *

_____

Submitted: April 18, 2006
Filed: April 24, 2006

_____

Before ARNOLD, FAGG, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

During jury voir dire before Richard Cox's capital murder trial in Arkansas state court, prospective juror Dorothy Caddell, an African-American woman, was removed by peremptory challenge. Caddell had stated she could not impose the death penalty on a sixteen-year old, Cox's age at the time, and stated she had previously served on a jury that had acquitted a defendant after a trial involving the same prosecutor. White prospective jurors who expressed reluctance about imposing the death penalty were likewise removed. At the time Caddell was stricken, only seven jurors had been seated. Four African-Americans had been excluded by the court or by agreement of the parties, and four more remained to be questioned. When defense

counsel challenged the removal of Caddell under <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), the court stated Cox had not made a prima facie showing of discrimination, so the prosecutor was not required to articulate a race-neutral reason for the strike. <u>See</u> <u>Batson</u>, 476 U.S. at 96-98. The court observed there was no reason to draw an inference of discriminatory intent in the prosecutor's peremptory challenge. On the contrary, there was ample reason for the peremptory strike based on Caddell's responses during voir dire.

An all-White jury convicted Cox of capital murder. Cox appealed his conviction to the Arkansas Supreme Court, claiming the trial court committed error in not requiring a race-neutral explanation for the prosecution's peremptory challenge of Caddell. The Arkansas Supreme Court rejected the claim on the merits and affirmed Cox's conviction, holding the striking of Caddell was insufficient to prove a pattern or process to exclude jurors because of their race. <u>Cox v. State</u>, 47 S.W.3d 244, 255-56 (Ark. 2001).

Cox then filed this 28 U.S.C. § 2254 habeas action asserting he was denied due process when the trial court rejected his challenge to Caddell's removal. In a thorough published opinion, the district court[*] denied relief. <u>Cox v. Norris</u>, No. 5:02CV00234JWC, 2005 WL 1922634 (E.D. Ark. July 19, 2005). The court concluded Cox had not rebutted the state courts' decision that he failed to establish a prima facie case of discrimination, so the prosecutor was not obliged to offer a race-neutral explanation for the strike. <u>Id.</u> at *9. The court held the Arkansas Supreme Court's decision was not based on an unreasonable determination of the facts, and was not contrary to or an unreasonable application of <u>Batson v. Kentucky</u>, or any other Supreme Court precedent. <u>Id.</u> Thus, Cox was not entitled to habeas relief. <u>Id.</u>; <u>see</u> 28 U.S.C. § 2254(d).

---

[*]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

Cox now appeals the denial of his habeas petition. We review the district court's factual findings for clear error and its legal conclusions de novo. Hall v. Luebbers, 341 F.3d 706, 712 (8th Cir. 2003). Cox does not challenge the pertinent facts and law set forth by the district court. Instead, Cox disputes only whether the trial court should have drawn an inference that the challenge to Caddell was based on race. The state court's finding that no inference was warranted is a factual determination entitled to a presumption of correctness unless overcome by clear and convincing evidence. Id. at 713. We agree with the district court that Cox failed to overcome the presumption. Thus, Cox's Batson claim fails, and Cox is not entitled to habeas relief on the claim.

We decline to consider Cox's remaining arguments, which were not raised in the district court or included in the certificate of appealability. Accordingly, we affirm the denial of Cox's habeas petition.

_____